UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
KALVIN HINDS,

                Plaintiff,

-against-

THE CITY OF NEW YORK, P.O. FELIPE
ORTIZ, JOHN and JANE DOE 1-3,

                Defendants.
------------------------------------------------------------x

**COMPLAINT**

Jury Trial

Plaintiff KALVIN HINDS (hereinafter "Plaintiff") by and through his attorney, Vik Pawar, Esq., respectfully alleges as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as secured by statutes and the Constitution of the State of New York and the United States.

### JURISDICTION

2. The action is brought pursuant to 42 U.S.C. §§ 1983, and 1988, and the Fourth and Fourteenth Amendments to the United States and New York Constitutions.

3. Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

### VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

7. Plaintiff is a citizen of the United States, and at all relevant time resident in the County of Bronx, State of New York.

8. Defendant City of New York is a municipal organization duly established under the laws and constitution of the State of New York.

9. Defendants P.O. Felipe Ortiz, John and Jane Does are officers with the NYPD at the time when plaintiff's claims arose. They are sued in their individual, supervisory and official capacities.

## FACTS

9. On August 17, 2012 ("date of incident"), plaintiff was inside his home with his wife and his minor infant son. Plaintiff had recently underwent surgery.

10. Around 11 p.m., plaintiff's minor son was hungry. Since plaintiff and his wife do not have a booster seat inside their apartment, plaintiff went downstairs to their car to bring the child-seat from his vehicle.

11. As plaintiff was in the process of removing the child-seat from his vehicle, defendants Ortiz and John Does appeared out of nowhere and began searching plaintiff and his vehicle.

12. Plaintiff responded by stating that he had committed no crime and was simply bringing the child-seat to his apartment.

13. However, the defendants threw plaintiff to the ground and started assaulting him.

14. Defendants then accused plaintiff of possessing cocaine.

15. Plaintiff did not possess any controlled substance let alone cocaine.

16. Despite this, plaintiff was arrested.

17. Plaintiff urged the defendants to take it easy with him because he had recently underwent surgery, but defendants ignored him.

18. Plaintiff was taken to the 40th precinct and charged with a felony and 2 misdemeanors, including the false allegation of resisting arrest, which is commonly used to justify excessive use of force.

19. Plaintiff was held for more than 48 years, strip-searched and then released by the Court.

20. After making numerous court appearances, charges against plaintiff were dismissed.

## AS AND FOR A FIRST CAUSE OF ACTION
(Excessive use of force/false arrest-Fourth Amendment)

21. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

22. Plaintiff was stopped, frisked and arrested after defendants planted drugs on him.

23. Plaintiff suffered injuries when he was yanked, thrown against the ground and injured his wrists when defendants tightened the handcuffs placed on plaintiff.

24. Plaintiff was strip-searched without any just cause.

25. Plaintiff spent over 48 hours in jail while suffering through the injuries caused by defendants.

26. As a result of the aforementioned conduct of Defendants, Plaintiff's constitutional right to be free from excessive force, false arrest and assault were violated.

## AS AND FOR A SECOND CAUSE OF ACTION
(Deprivation of Rights under 14th Amendment-Due Process/Malicious Prosecution)

27. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

28. The Defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment. The actions by Defendants deprived the substantive and procedural due process afforded to Plaintiff and was in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

29. Defendants initiated false and baseless proceedings against plaintiff.

30. Defendants knew that if they forwarded the false information to the DA's office, plaintiff would be prosecuted.

31. Yet defendants never retracted their false paperwork and continued the prosecution based on malice.

32. The proceedings were terminated in plaintiff's favor.

33. As a result of the foregoing, Plaintiff was deprived of his liberty and property interests and right to procedural and substantive due process.

## AS AND FOR A THIRD CAUSE OF ACTION
(Denial of Right to Fair Trial)

34. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

35. Defendants planted drugs on plaintiff.

36. Defendants then arrested plaintiff for the drugs and forwarded false information to the DA that the plaintiff was in possession of drugs.

37. The false fabricated charge denied plaintiff the right to a fair trial or a hearing.

38. As a result of defendants' conduct, plaintiff suffered injuries.

## AS AND FOR A FOURTH CAUSE OF ACTION
(*Monell*/Municipal Liability)

39. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

41. The aforementioned customs, policies, usages, practices, procedures and rules of the City and Police Department included, but were not limited to engaging in the type of conduct alleged in the factual portion of this complaint, by deploying unlawful practices. These practices have been found unconstitutional by the SDNY. Yet they continue to this day and target individuals like plaintiff.

42. Stopping and frisking minorities without any probable cause and planting drugs on them ("flaking") to generate an arrest or meet quotas, strip-searching innocent individuals, charging them with resisting arrest to justify use of excessive force are endemic problems within the NYPD and the 40th precinct.

43. In addition, the Defendant's superior officers whose duty it was to review and screen all arrests for propriety upon presentation by the arresting officer to the precinct and command desks routinely ratified such arrests without questioning the facts underlying same.

44. As a result of the failure of the City and Police Department to properly recruit, screen, train, discipline, and supervise its officers, including the individual Defendants, Defendants have tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

45. The foregoing customs, policies, usages, practices, procedures and rules of the Defendants constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiffs and were the direct and proximate cause and the moving force of the constitutional violations suffered by Plaintiff as alleged herein.

46. Defendants, collectively and individually were directly and actively involved in violating Plaintiff's constitutional rights by engaging in these types of similar conduct and thus making the defendant City of New York liable under *Monell*.

**WHEREFORE,** the Plaintiff requests that this Court:

a. Award compensatory damages to the Plaintiff against the Defendants, jointly and severally, in the amount of One Hundred Thousand Dollars for each and every Cause of Action;

b. Award the costs of this action to the Plaintiff;

c. Award reasonable attorneys fees to the Plaintiff under 42 U.S.C. Section 1988 and/or any other applicable laws;

d. Award punitive damages in an amount assessed by the jury;

e. Award such other and further relief as this Court may deem appropriate.

Dated: New York, New York
June 29, 2015

PAWAR LAW GROUP P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
(212) 571-0805

By: _____
Robert Blossner (RB0526)
Vik Pawar (VP9101)
*Attorneys for Plaintiff*